MANSFIELD *v.* NORTHCUT  *et al.*

(*Nashville.* December Term 1903.)

1. **UNLAWFUL ENTRY AND DETAINER.** Action of, may be based on a constructive possession, when.

Constructive possession of a tract of land under deed definitely describing its boundaries, connected with actual possession of a part of the premises, is sufficient to authorize and maintain an action of unlawful entry and detainer.

Cases cited and approved: Davidson v. Phillips, 9 Yerg., 93; Hopkins v. Calloway, 3 Sneed, 11; Phillips v. Simpson, 2 Head, 430.

2. **SAME.** Same. Collusion between adverse claimant and tenant of landlord. Case in judgment.

Plaintiffs in an action of unlawful entry and detainer had a deed to the land sought to be recovered, definitely describing the boundaries and claimed to the extent of the boundaries. There was a house on the land occupied by defendant as tenant of plaintiffs, but the remainder was uninclosed mountain land. A claimant of the land, under hostile title, built a cabin upon a different part of the premises, and induced the tenant to move into it and attorn to him. Suit to dispossess tenant.

*Held*: That the landlord could not thus, by collusion between his tenant and an adverse claimant, be deprived of his possession, which was of the entire tract and sufficient to maintain his action.

FROM GRUNDY.

Appeal in error from the Circuit Court of Grundy County.—JOSEPH C. HIGGINS, Judge.

L. F. WOODLEE and W. H. HAMPTON, for Mansfield.

W. D. SPEARS, C. H. GARNER and J. K. P. PEARSON, for Northcut et al.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This action of unlawful entry and detainer was brought by J. H. & T. B. Northcut to recover possession of a house situated upon a tract of wild mountain land, containing 1,000 acres, claimed by them under a conveyance definitely describing its boundaries.

The plaintiff in error, .Mrs. Mansfield, in defense of the action, denied that the defendants in error .were in possession of the property when she entered. The facts are these:

The Northcuts had actual possesion of a small house upon the land occupied by Mrs. Mansfield as their tenant claiming to the extent of the boundaries called for in their title papers. The remainder of the tract was uninclosed. A claimant of the land under a hostile title to that of defendants in error built a cabin upon a different part of the premises, and induced Mrs. Mansfield to move into it and attorn to him, and this action was brought to dispossess her.

Defendants in error, under these facts, had possession of the entire tract—actual possession of the house occupied by their tenant, and constructive possession of the remainder. Constructive possession of this nature, con-

nected as it is with actual possession of a part of the premises, is of a higher character than that which follows the legal title. It will perfect a defective title, under the statutes of limitations, and raise a presumption of grant when held for sufficient periods of time. A conveyance of land so held by another is void for champerty. It is more exposed and oftener invaded than actual possession, and a summary remedy is more needed for its protection. We think that constructive possession of this character is sufficient to enable a claimant so holding to maintain this action. Indeed, we think it was specially contemplated by the general assembly when creating this remedy. We have no case expressly holding that constructive possession of this character is sufficient to maintain actions of forcible and unlawful entry and detainer, but recovery upon it was allowed in those of *Davidson* v. *Phillips,* 9 Yerg., 93, 30 Am. Dec., 393; *Hopkins* v. *Calloway,* 3 Sneed, 11; *Philips* v. *Sampson,* 2 Head, 430.

The facts make out a case of an attempt by an adverse claimant of the property to deprive the defendants in error of their possession through collusion with their tenant, which cannot be done. There is no error in the judgment of the trial judge sustaining the action.

Affirmed..