JAMES W. DEADERICK   v.  STATE.

(*Knoxville.*   September Term, 1909.)

1. **TRESPASS.** Cutting timber on land in possession of another under color of title cannot be defended under superior title, when.

The statute (Shannon's Code, sec. 6496, subsec. 7) declaring it to be a misdemeanor to trespass on the lands of another by cutting down or in any other manner destroying valuable timber thereon exceeding fifty cents in value, with a view to convert the same to his own use, was intended to protect the actual possession of land held under color of title from forcible invasion, and to prevent violence, bloodshed, and breaches of the peace, resulting from rival claimants of lands attempting to take forcible possession, and to compel resort to the courts for the determination of the validity of titles. It is, therefore, no defense that those who authorized and employed the defendant to cut the timber had the superior title to the land so possessed by another.

Code cited and construed: Sec. 6496, subsec. 7 (S.); sec. 5403, subsec. 7 (M. & V.), sec. 4652, subsec. 7 (T. & S. and 1858).

Case cited and approved: Dotson v. State, 6 Cold., 545.

2. **MALICIOUS MISCHIEF.** In prosecution for defacing building, possession only need be proved.

In a prosecution for injury to the property of another, under the statute (Shannon's Code, sec. 6496, subsec. 1) making it a misdemeanor to wantonly injure or deface any building, or fixture attached thereto, etc., belonging to another, possession only need be proved. (*Post*, p. 227.)

Code cited and construed: Sec. 6496, subsec. 1 (S.); sec. 5403, subsec. 1 (M. & V.); sec. 4652, subsec. 1 (T. & S. and 1858).

Cases cited and approved: State v. Mathes, 3 Lea, 37; Malone v. State, 11 Lea, 703.

---

Deaderick v. State.

---

3.  **TRESPASS.**  Party in possession may maintain action for.
    A party in actual possession of land can recover in an action for
    trespass to the same.  (*Post, p.* 227.)

    Cases cited and approved: Bailey v. Massey, 2 Swan, 169;  Large
    v. Dennis, 5 Sneed, 597;  Allen v. McCorkle, 3 Head, 182.

4.  **SAME.**  Constructive possession resulting from actual possess-
    ion of part under color of title will sustain prosecution for tres-
    pass.

    Possession, by occupation or inclosure, of part of the land cov-
        ered by the possessor's title papers, constitutes actual pos-
        session by construction of the entire premises within the boun-
        daries described and defined in such title papers, so as to main-
        tain a prosecution for the cutting or destroying of the valua-
        ble timber thereon, as well as to put in operation the statutes
        of limitations, and make a sale of the land by another cham-
        pertous, and to enable such possessor to maintain an action of
        forcible entry and detainer against a trespasser, and a replevin
        suit for the timber cut and removed.  (*Post, pp.* 227-229.)

    Code cited and construed:   Sec. 6496, subsec. 7  (S.);  sec. 5403,
        subsec. 7  (M. & V.);  sec. 4652, subsec. 7  (T. & S. and 1858).

    Cases cited and approved: Pickens v. Delozier, 2 Humph., 400;
        Hebard v. Scott, 95 Tenn., 467;  Green v. Coal & Coke Co., 110
        Tenn., 35;  Mansfield v. Northcut, 112 Tenn., 536;  Lieberman v.
        Clarke, 114 Tenn., 117.

    Case cited, distinguished, and and overruled in part: Dotson v. State,
        6 Cold., 545.

---

FROM COCKE.

---

Appeal in error from the Circuit Court of Cocke
County.—G. MC. HENDERSON, Judge.

H. N. CATE and H. H. INGERSOLL, for Deaderick.

ATTORNEY-GENERAL CATES, for State.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

The plaintiff in error was convicted of the offense of malicious mischief, committed in cutting and removing timber from the lands of the Stony Mountain Land Company, in Cocke county, Tenn., under section 4652, subsec. 7, of the Code (Shannon's Code, section 6496), declaring it to be a misdemeanor "to trespass on the lands of another by cutting down or in any other manner destroying valuable timber thereon exceeding fifty cents in value with a view to convert the same to his own use, unless the offender be traveling or moving along any road and by accident or otherwise require the same for his own immediate use."

The defenses made in the trial court, and here relied upon, are that Brown and others had the superior title to the lands upon which the timber was cut, and that plaintiff in error was employed and authorized by them to cut and remove it, or, if plaintiff in error's employers did not have the superior title, the trespass was committed under color of title and a claim of right, and in the *bona fide* belief that they did have such title, and the right of possession.

The case was tried much like an action of ejectment. The state introduced the title papers of the Stony

Mountain Land Company, deraigning title from the State of Tennessee. The defendant introduced the title papers of Brown and others, showing title from the State of North Carolina. The state also offered evidence of possession by the Stony Mountain Land Company, and its predecessors in title, for the purpose of perfecting its title under the statutes of limitations and raising presumption of a grant; while the defendant offered proof of the coverture of his employers during that period.

The lands claimed by the parties, the Stony Mountain Land Company and Brown and others, consist of a tract of five thousand acres, uninclosed and in timber, with the exception of two or more inclosures containing twelve or more acres, of which the Stony Mountain Land Company and those under whom it holds· have had the actual possession, claiming to the extent of the boundaries defined in its title papers, for some fifteen or twenty years, and perhaps longer. Brown and others, the employers of the plaintiff in error, had never had any actual possession. They were advised, and believed, they had the superior title, and employed the plaintiff in error to cut timber upon the uninclosed land, which he did in good faith, believing that his employers had the right to authorize him to do so. He and his employers knew of the adverse possession, and the timber was cut, evidently, for the purpose of compelling action on the part of the Stony Mountain Land Company, and to test the title of the claimants.

122 Tenn—15

The contentions of the plaintiff in error are unsound, and present no valid defense to the charge of which he was convicted. Validity of title and good faith of the trespasser are not material inquiries in cases of this character.

The object of the statute, upon which plaintiff in error was convicted, is to protect actual possession of land held under color of title from forcible invasion, and to prevent breaches of peace, violence, and bloodshed, resulting from rival claimants of lands attempting to take forcible possession, and to compel resort to the courts for determination of the validity of titles.

In *Dotson* v. *State,* 6 Cold., 545, it is said:

"This statute is not intended to constitute our criminal courts tribunals for the trial of ejectment suits at the expense of the State. It is not intended to settle the title to real estate, but is enacted in pursuance of the policy, apparent in our statutes of forcible entry and detainer and other statutes, to protect the actual possession of real estate against unlawful and forcible invasion, and to remove occasion for acts of violence and breach of the peace.

"To support an indictment under the statute above recited there must have been, by the express term of the statute, a trespass—such wrongful invasion of the possession of another as would enable the party in possession to maintain the action of trespass for the injury. The possession invaded must be the possession of some other person than the defendant."

In a prosecution for injury to the property of another, under subsection 1 of this statute, possession only need be proved. *State* v. *Mathes,* 3 Lea, 37; *Malone* v. *State,* 11 Lea, 703.

The party in actual possession can recover in an action for trespass to land. *Large* v. *Dennis,* 5 Sneed, 597; *Allen* v. *McCorkle,* 3 Head, 182; *Bailey* v. *Massey,* 2 Swan, 169.

The Stony Mountain Land Company was in. actual possession of the land from which the timber was cut. Possession, by occupation or inclosure, of part of the land covered by its title papers, was actual possession, by construction, of the entire premises within the boundaries defined in those papers. *Pickens* v. *Delozier,* 2 Humph., 400; *Mansfield* v. *Northcut,* 112 Tenn., 536, 80 S. W., 437; *Lieberman* v. *Clarke,* 114 Tenn., 117, 85 S. W. 258, 69 L. R. A., 732.

This is the way, as a rule, actual possession is held of all timber lands in this State. It is virtual possession, and effective to give notice to all persons of the occupation and adverse claim of the party so holding. It is sufficient to put in operation the statutes of limitations, make a sale champertous, sustain an action of forcible entry and detainer against trespasser, and replevin for timber cut and removed. *Lieberman* v. *Clarke,* supra; *Mansfield* v. *Northcut,* supra; *Hebard* v. *Scott,* 95 Tenn., 467, 32 S. W., 390; *Green* v. *Cumberland Coal & Coke Co.,* 110 Tenn., 35, 72 S. W., 459.

Were the law as contended for plaintiff in error, all

persons, in possession of lands under valid titles, could be compelled to resort to expensive litigation to establish their title at the instance of any trespasser, who could connect himself with one of the many duplicate grants which have unfortunately been issued, covering large bodies of land in all parts of the State held under older and superior titles. The statute justly protects them from burdens of this nature.

The plaintiff in error committed the trespass alleged against him with full knowledge of the actual adverse possession of the land. The case is clearly made out, and he was properly convicted.

The case of *Dotson* v. *State,* supra, is relied upon to support the contentions of the plaintiff in error. It is there said that title in the defendant, or color of title with the *bona fide* belief that it is his property, is a good defense in a prosecution under this statute. This, however, is in conflict with the construction given the statute in the previous part of the opinion, which we have quoted, and was only intended for the facts of that case. There it appears the prosecutor resided upon the land, having a part of it inclosed; but it does not appear that he had a paper title covering the uninclosed part, upon which the timber was cut. The defendant also resided upon the land, having an inclosure, and claimed under a grant covering the place where he cut the timber. The parties were both in possession, provided the prosecutor had color of title extending his boundaries to the portion in dispute. Upon these facts, the defendant did not

Deaderick v. State.

invade the possession of the prosecutor, and was not guilty.

This case, *Dotson* v. *State*, so far as it may be in conflict with the construction of the statute herein declared, is erroneous, and is overruled.

The judgment of the circuit court is affirmed.