## BUTLER v. STATE.

### (*Knoxville.* September Term, 1913.)

**1. STATUTES. Title of Act. Crimes. Amending act.**

The title of Acts 1870-71, ch. 36, which was "An act to amend the laws upon the subject of trespass upon property and malicious mischief," was broad enough to include section 1 of the act, which now appears as Shannon's Code, sec. 6496, subsec. 8, forbidding the wanton destruction of valuable timber of another, since that title evidently intended to embrace the matters within the article of the Code of 1858 in which the original section appeared, and which was entitled "Trespass on Property, Malicious Mischief and Keeping Dogs That Kill Sheep." (*Post, pp.* 165, 166.)

Code cited and construed: Sec. 6496, subsec. 8 (S.).

Acts cited and construed: Acts 1870-71, ch. 36.

**2. TRESPASS. Cutting timber. Defenses. Right of possession.**

Where one of two parties, who held deeds which overlapped as to a portion of the premises, had an inclosure upon the property covered by her deed, her possession extended to all the property described in her deed, including the interlap, so that one cutting timber therefrom with authority from her was not guilty of violating Shannon's Code, sec. 6496, subsec. 8, prohibiting the wanton destruction of the timber of another, even though the other party had the legal title to the interlap. (*Post, p.* 167.)

Case cited and approved: Lieberman v. Clark, 114 Tenn., 117.

**3. TRESPASS. Cutting timber. Construction of statute.**

Shannon's Code, sec. 6496, subsec. 8, prohibiting the wanton destruction of timber of another, is intended to protect the possession, not the title, and does not apply to one cutting timber under the authority of one claiming title, who was

in possession thereof, even though in fact another had the legal title. (*Post, p.* 167.

Case cited and approved: Deaderick v. State, 122 Tenn., 222.

## FROM ROANE.

Error to Circuit Court, Roane County.—S. C. Brown, Judge.

J. W. Stone, for plaintiff in error.

Walter W. Faw, Assistant Attorney-General, for the State.

Mr. Justice Neil delivered the opinion of the Court.

The plaintiff in error was indicted in the circuit court of Roane county for the violation of subsection 8 of section 6496 of Shannon's Code.

The section reads:

"It is declared to be a misdemeanor: . . . (8) To knowingly, willfully, and wantonly cut down and destroy valuable timber of another, whether the owner be personally present forbidding the same or not."

This subsection was amended, so as to read as it now appears, by chapter 36 of the Acts of 1870-71. This act is as follows:

"An act to amend the laws upon the subject of trespass upon property and malicious mischief.

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that subsection 8, of section

Butler v. State.

4652 of the Code, be so amended as to read:    'To knowingly, willfully and wantonly cut down and destroy valuable timber of another, whether the owner be personally present forbidding the same or not.'

"Sec. 2.   Be it further enacted, that subsection 9, of section 4652 of the Code, be so amended as to read as follows:   'To knowingly or willfully destroy or carry away the rails or boards, wood or other lumber of another.'

"Sec. 3.   Be it further enacted, that subsection 10, of section 4652, be so amended as to read:   'To willfully and wantonly break or thrown down, mar, deface or otherwise injure any fence, hedge or ditch, inclosing the land of another.'

"Sec. 4.   Be it further enacted, that to enter upon the garden, orchard or improved or inclosed lands of another, and willfully or wantonly to sever, destroy, carry away or injure the trees, shrubs, grain, grass, hay, fruit or vegetables there being, shall be declared to be a misdemeanor.   This act to take effect from and after its passage, the public welfare requiring it.

"Passed January 11, 1871."

It is said that the first section, which is the one referred to, is broader than the caption.   We think it is clear this is an incorrect view.   The caption is very broad.   It was evidently intended to cover the various matters embraced within the article under which subsection 8 of section 6496 (Code of 1858, sec. 4652) appears.   The caption of that article is:   "Trespass on

This question out of the way, the case must be decided upon the facts.

It appears that the prosecuting witness, J. S. Christenberry, has a deed to a certain tract of land in Roane county; also that Miss McKamy has a deed covering a part of the same land. Miss McKamy authorized plaintiff in error to go upon the interlap and cut timber. He did so. To punish him for this the present prosecution was instituted. The interlap was not inclosed by any fence, but Miss McKamy had an inclosure upon the land covered by her deed, which, of course, extended her possession to the interlap, so that she had actual possession of it (*Lieberman* v. *Clark,* 114 Tenn., 117, 85 S. W., 258, 69 L. R. A., 732), at the time she authorized the plaintiff in error to cut the timber. The prosecutor, Christenberry, never had any actual possession of the land, nor is it shown that he had the legal title, so as to give him what is called constructive possession. Even if he had the legal title, however, this would not avail him in an action of this kind against such possession as Miss McKamy had. *Lieberman* v. *Clark,* supra, and authorities cited.

But the section in question was not intended to involve consideration of the legal title, but only that of possession. The case, in this aspect, falls within the principle of *Deaderick* v. *State,* 122 Tenn., 222, 122 S. W., 975. The purpose of subsection 8 was the same as that of subsection 7, considered in the case just re-

ferred to. It is true there is some difference in the class of cases to which the two subsections apply. Subsection 7 involves the idea of the conversion of the timber to one's own use. Subsection 8 would cover a trespass upon timber, whether the offending party intended to apply it to his own use or not. It would cover a case of mere wanton destruction, as in the case of hunters cutting down trees to obtain game. It would also cover the case of cutting and removing the timber, because that would be destruction so far as concerned the owner. It is apparent from this examination that, while subsection 8 is broader than subsection 7, it must fall within the same category, as both provisions of the law were designed to protect the possession.

Since the prosecutor had no possession of the land which could be protected by the statute, and Miss McKamy did have possession, and plaintiff in error entered and cut the timber under her authority, he is guilty of no offense under the subsection referred to.

It results that the judgment of the court below must be reversed, and the court suggests to the attorney-general that he enter a *nolle prosequi*.