CLARK *et al. v.* STATE.

*(Nashville.* December Term, 1914.)

1. **TRESPASS.** **Criminal prosecution.** **Title of prosecutor.**

  If a party has actual possession of land, or of a portion thereof, whereby he has constructive possession of the remainder, such possession will sustain a prosecution for trespass, and the one so trespassing cannot defend on superior title.    (*Post, p.* 376.)

  Cases cited and approved:  Deaderick v. State, 122 Tenn., 975; Butler v. State, 128 Tenn., 167.

2. **TRESPASS.** **Criminal prosecution.** **Possession of prosecutor. Notice.**

  Under the criminal, as well as the civil, law, all persons must take notice of open, adverse possession of land, and of the registered claim of title of which such possession is notice, whether the holding is personally or by tenant.  (*Post, pp.* 376, 377.)

3. **TRESPASS.** **Criminal responsibility.** **Willfulness.**

  A criminal trespass is willful if committed in a heedless disregard of the rights of others.  (*Post, pp.* 376, 377.)

FROM HICKMAN.

Appeal from the Circuit Court of Hickman County. —DOUGLAS WICKLE, Judge.

KNIGHT & BEASLEY, for appellant.

for the State.

WM. H. SWIGGART, JR., assistant attorney-general,

MR. JUSTICE FANCHER delivered the opinion of the Court.

Plaintiffs, Gabe and Elden Clark, were jointly indicted, tried, and convicted on a charge of criminal trespass. The first count in the indictment charges that the defendants "unlawfully, willfully, knowingly, and wantonly did cut down and destroy valuable timber, of the value of $25, on the lands of C. E. L. Smith," etc.

The second count makes the same charge, and, in addition thereto, states that the timber was cut down with a view to convert the same to their own use, and that they were not traveling or moving along any road and by accident or otherwise required the same for their immediate use.

The offense charged is embraced in Shannon's Code, section 6496, and subsections 7 and 8, which are as follows:

"It is declared to be a misdemeanor: . . .

"(7)   To trespass on the lands of another by cutting down or in any other manner destroying valuable timber thereon, exceeding fifty cents in value, with a view to convert the same to his own use, unless the offender be traveling or moving along any road and by accident or otherwise require the same for his own immediate use.

"(8)   To knowingly, willfully, and wantonly cut down and destroy valuable timber of another, whether

the owner be personally present forbidding the same or not.''

The facts show that the prosecutor, C. E. L. Smith, a resident of Montgomery county, claimed ownership of a tract of land in Hickman county under a registered assurance of title. This is what is known as wild or timbered land. There was no one living upon it, but the prosecutor through his agent, had procured one Wiley Beasley, as tenant, to cultivate a small field upon the land, which was in corn during the year 1914. Smith had been in actual occupancy of the land through his tenant for four or five years preceding the alleged trespass, each year cultivating a portion of this inclosed field.

The defendants lived within less than a mile of this land, and knew of Beasley's possession, but say that they did not know that he was the tenant of Smith.

Gabe Clark was employed by W. I. Tatum to cut some hickory timber on the land. Tatum claimed the land by deed from the clerk and master, who sold the land as the property of C. H. Patrick, Jr., and Smith's title was through C. H. Patrick, Sr.

It seems to have been a question as to whether the land was formerly owned by C. H. Patrick, Sr., or his son, C. H. Patrick, Jr., though the title was properly not gone into in this trial. Gabe Clark admits that he ''had a notion'' there was a dispute about the land, though he claims he thought Tatum was the owner. Elden Clark was a nephew of Gabe Clark, and was assisting him in cutting the timber, which was in No-

vember, 1914, before the corn had been gathered by
Beasley, tenant of prosecutor.

The motion for a new trial and assignments of er-
ror complain of the charge of the court in the general
charge and in granting certain special requests by
the attorney general; also in refusing to charge some
special requests submitted by defendants.

The court charged, in substance, that if the tenant of
Smith was in possession of any portion of the tract of
land, holding under him, this would be the possession
of Smith; that the registered deed of Smith was no-
tice of his claim of ownership to all the world, and
of course, notice to defendants; that, in order to convict
defendants, the proof must show that defendants had
notice of Smith's possession and claim of ownership;
that a possession of a part of the tract by his tenant
under a duly registered deed would be virtual posses-
sion of all the land within the boundaries set out and
described in the deed, and this would be effective to
give notice to defendants of his occupation and claim,
and that, if they entered upon said land and cut tim-
ber under these circumstances, they did so at their
risk and peril. The defendants asked the court to
charge the jury that, in order to convict, the State must
show that the land upon which they entered and cut
timber had some actual possession on it adverse to Ta-
tum, and that defendants had actual knowledge of such
possession, and knew that it was so adverely held and
claimed.

So the question here presented may be summed up in the following inquiry: Must defendants take notice of the possession of the land by Smith by reason of its open and notorious character, or must the State be required to show that the defendants had actual knowledge that the possession by Beasley was that as tenant for Smith?

If a party is in actual possession of land, or has actual possession of a portion thereof, whereby he has constructive possession of the remainder, such possession will sustain a prosecution for trespass, and the one so trespassing cannot defend under a superior title. Possession need only be proven to sustain the action. *Deaderick* v. *State,* 122 Tenn., 222, 122 S. W., 975; *Butler* v. *State,* 128 Tenn., 167, 159 S. W., 602.

We think undoubtedly that all persons are required to take notice of any open, notorious, and adverse possession of land; that, when they know of the fact that it is adversely held, they must of necessity be required to take notice of the registered claim of title under which it is held, whether the holding is by tenant or otherwise; that these features of our land law, which are so well known as applying in civil suits, must equally apply in criminal cases. To hold otherwise would make it extremely difficult to convict in trespass cases. Often the trespasser is not financially responsible. It is well known that the wild timbered lands of this State are the subject of many depredations, of such nature that, unless the criminal laws can apply, the owner is almost helpless to protect his

Clark v. State.

timber.  Criminal intent may be imputed by the law. All persons are required to know the law.  The trespass is willful whenever there is a heedless disregard of the rights of others.  Defendants will not be permitted to close their eyes to that which every man must know as a legal proposition, and then defend on the ground that they did not have actual knowledge.

There is no reversible error in the charge of the court.  The special requests submitted by defendants were properly refused.

Affirmed.