UNION TANNING CO. *v.* CARSON LOWE *et al.*

(*Knoxville.* September Term, 1923.)

1. **INJUNCTION.**. Statute as to deraigning title back to state held inapplicable to suit to enjoin trespass.

Published Acts 1915, chapter 122, sections 1-3, making it unnecessary for complainant to deraign title back to state in cases brought in the chancery courts "to locate and establish boundary lines of adjoining or contiguous tracts of land," *held* inapplicable to an action to enjoin a defendant from cutting wood on certain land involving an issue as to the title to a strip of land between adjoining owners, depending on the location of the boundary line. (*Post, p.* 408.)

Acts cited and construed: Acts 1915, ch. 122, secs. 1-3.

2. **PLEADING.** Purpose determined from pleadings.

The purpose of a suit can be determined only from the pleadings. (*Post, pp.* 408, 409.)

3. **INJUNCTION.** Complainant in suit to restrain trespass must show legal title.

Where the complainant seeks to enjoin a trespass, and is not in possession of the disputed strip, he must show the legal title to be in himself before a possession will be presumed. (*Post, p.* 409.)

4. **INJUNCTION.** "Legal title" affecting suit to restrain trespass defined.

Legal title, within the rule that a complainant who seeks to enjoin a trespass and is not in possession of the disputed strip must show the legal title to be in himself before a possession will be presumed, does not mean possessing a deed purporting to convey a title in fee, but means a deraignment of title back to the State. (*Post, p.* 409.)

5. **INJUNCTION.** To restrain trespass there must be no dispute about title.

Ordinarily, in order to obtain an injunction restraining a trespass on land, there must be no dispute about the title. (*Post, p.* 409.)

Cases cited and approved: Snoddy v. Kreutch, 40 Tenn., 301; Gainus v. Bowman & Pratt, 57 Tenn., 600; King v. Mabry, 71 Tenn., 241; Walker v. Fox, 85 Tenn., 154.

6. **JUDGMENT.** Dismissed of suit to enjoin trespass should reserve right to sue in ejectment.

Decree dismissing suit to enjoin defendants from cutting wood on land in which the defendant denied complainant's title to the land, on the ground that complainant did not deraign title back to the state, should not preclude complainant from suing in ejectment for the land. (*Post, p.* 409)

FROM CARTER.

Appeal from the Chancery Court of Carter County.— HON. HAL H. HAYNES, Chancellor.

W. W. BELEW, for Union Tanning Co.

ALLEN & CLARK, for Carson Lowe and others.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The original bill in this cause was filed by the Union Tanning Company, a corporation, against Carson Lowe, Henry Lowe, and E. E. Morton, for the purpose of enjoining the defendants from cutting wood, tanbark, etc., on the land described in the bill, and to recover for the

value of the wood and tanbark already cut and removed.

The bill alleged that complainant has an unbroken chain of title from the State, and that it has been in the actual, continuous, and adverse possession of said tract of land for more than seven years under registered color of title.

The defendants filed a joint answer, the pertinent allegations of which are as follows:

"These defendants do not admit that complainant is the owner of the tract of land mentioned and described in this paragraph of the bill, and they require strict proof both as to title and description of land.

"It is true that these defendants have recently been cutting said wood, tanbark, and other wood; but not on any land owned by the complainant. The defendant E. E. Morton was cutting wood and bark on his own land, for which he had a deed. The defendants Carson Lowe and Henry Lowe were cutting on land owned by Jerry Lowe by and with the consent of the said Jerry Lowe, and they are advised that said Jerry Lowe has a good and indefeasible title to said property. In this connection defendants would show that all of said land upon which they were prosecuting said work has been held and occupied openly, notoriously, and adversely by them and their predecessors in title, and by said Jerry Lowe and his predecessors in title, for a period of more than twenty-five years, with fencing and inclosures and dwellings thereon; all of said claims being under registered color of title. Therefore, defendants plead and rely upon the statute of limitations of seven, ten and twenty years as a complete bar to any right of action complainant might have."

The complainant did not prove a complete chain of title back to the State nor to a common source, nor did it

prove that it had ever been in the actual possession of said tract of land. On the other hand, the defendant Morton failed to sustain his defense of title in himself and adverse possession, and the controversy was narrowed down to the location of Morton's north boundary line, or the complainant's south boundary line. The disputed strip ran the length of both tracts, and was about twenty poles wide, and it was upon this strip that the wood, etc., was cut and removed by the defendant Morton.

It should be stated here that there was no evidence introduced upon which Carson Lowe and Henry Lowe were shown to have cut wood from the tract of land claimed by the complainant, and the court of civil appeals properly dismissed the bill as to them.

The learned chancellor found, and we think correctly so, that the wood and tan bark was not cut from the defendants' land, but on the strip of land lying north thereof, and claimed by the complainant. The chancellor was of the opinion that it was not necessary for the complainant to deraign his title back to the State, which, it seems to be conceded, would ordinarily be necessary in a cause of this character unless the rules of evidence have been changed by virtue of chapter 122 of the Acts of 1915, which is as follows:

"An act to increase the jurisdiction of the chancery courts of the State, and to regulate the practice in cases brought in said courts to locate and establish the boundary lines of adjoining or contiguous tracts of land, either solely or along with other questions.

"Section I. Be it enacted by the general assembly of the State of Tennessee, that the chancery courts of the State of Tennessee, shall have and are hereby given and

granted full power and jurisdiction to hear and determine by decree all cases brought in said courts, or any of them in which the boundary line or lines of adjoining or contiguous tracts of land is one, or the only question at issue in the case.

"Section II.   That in all such cases hereafter brought in the chancery courts of Tennessee for the purpose of solely or along with other questions of locating and establishing by decree the boundary line or lines of adjoining or contiguous tracts of land, a complete deraignment of title by the complainant or complainants from a State grant or common source of title shall not be required as in ejectment cases, but it shall be sufficient to establish title in complainants, that they prove clearly, by competent testimony that they are the true owners of the lands described in the bill in such cause.

"Section III.   That all laws and parts of laws in conflict with this act, be, and the same are hereby repealed, and that this act take effect from and after its passage, the public welfare requiring it.

"Passed May 12, 1915."

Upon the theory that this was a boundary line controversy, under the provisions of the act just quoted, complainant did not deraign his title back to the State, and the chancellor so construed the cause, and entered an order making the preliminary injunction perpetual, and decreed a reference as to the timber cut.

Upon appeal the court of civil appeals took a contrary view, reversed the decree of the chancellor, and dismissed the suit upon the theory that this cause was not controlled by the Acts of 1915, and that it was necessary for complainant to establish a perfect title, or show that he was

in the actual possession of the land, and that he failed to establish either of these contentions.

After carefully considering the pleadings and the evidence, we are of the opinion that the defendants have not admitted that the complainant has title to the land described in the bill.

We are further of the opinion that the bill was not filed under and by virtue of the act of 1915. The act says: "Where the purpose of the suit is the establishment or location of the boundary lines of contiguous or adjoining tracts," etc.

One can only determine the purpose of a suit from the pleadings. Certainly no such purpose as that just indicated appears in the pleadings in this cause. The complainant said nothing about there being a boundary line controversy, did not allege that it and the defendants owned contiguous tracts of land, or indicate in any manner that the suit was instituted under the act of 1915, and there was no prayer for the establishment of the boundary line between the two tracts of land claimed, respectively, by the parties. On the other hand, the bill, as framed, was one in ejectment, or to stay waste upon an allegation of title from the State, which is substantially the same thing.

We do not feel disposed to extend the act of 1915 beyond its clearly expressed purpose, viz. to make the deraignment of title from the State unnecessary where the purpose of the suit is to locate and establish the boundary line between two adjoining landowners.

Had the bill alleged that complainant and the defendants were adjoining landowners, and sought to have the boundary line between their two tracts established, and also to recover damages and enjoin a further trespass, then,

Union Tanning Co. v. Lowe.

by virtue of the act of 1915, a deraignment of title would have been unnecessary; that is, of course, provided the complainant established its ownership of the land as provided in the act. But no such case is presented. The complainant cannot bring its action in ejectment, and then, upon the hearing, contend that it is only a suit to establish a boundary line between contiguous owners. If the purpose is the establishment of a boundary line, such purpose should appear from the allegations of the bill.

Where the complainant seeks to enjoin a trespass, and is not in possession of the disputed strip, he must show the legal title to be in himself before a possession will be presumed. Legal title does not mean possessing a deed purporting to convey a title in fee, but a deraignment of title back to the State. *Snoddy* v. *Kreutch*, 3 Head, 301; *Gainus* v. *Bowman & Pratt*, 10 Heisk., 600; *King* v. *Mabry*, 3 Lea, 241; *Walker* v. *Fox*, 85 Tenn., 154, 2 S. W., 98.

"Ordinarily, in order to obtain an injunction, there must be no dispute about the title." *Walker* v. *Fox*, supra.

We are of the opinion that complainant should not be precluded from suing in ejectment for the controverted strip of land if deemed necessary, and to this extent its bill will be dismissed without prejudice.

With this modification the decree of the court of civil appeals will be affirmed.