Joe Yates and Delmer Franklin, Plaintiffs in Error,

*v.*

State, Defendant in Error.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

REAGAN, NEAL & CRAVEN, Jamestown, for plaintiffs in error.

WILLIAM D. GRUGETT, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Plaintiffs in error, Joe Yates and Delmer Franklin, hereinafter called defendants, were convicted for violation of T.C.A. sec. 39-4521 and sentenced to six months in the County Jail, from which they have perfected their appeal.

The said statute provides as follows:

"It shall be a felony for any one knowingly, willfully, and maliciously to cut, or to remove for the purpose of marketing the same, timber from the lands of

another, without the consent of the owner of the timber. Any one convicted of a violation of the provisions of this section shall be imprisoned in the penitentiary for a period of not less than one (1) year nor more than three (3) years.''

There are four assignments of error but they all go to the proposition that the State failed as a matter of law to make out a case against the defendants in that it failed to prove that the prosecuting witness had legal title to the land, or was in the actual or constructive possession thereof at the time of the alleged criminal trespass.

This tract of 160 acres was wild timber land, unfenced and unoccupied in any manner by either the prosecutor or the defendants. That is, there was never actual possession, or constructive possession by reason of possession of any part of same under color of title.

Without objection, J. C. York testified that he and his brother had sold the land from which the timber was cut to the prosecuting witness, Mr. Cravens, about four years before the alleged trespass was committed; that the deed calls for 160 acres more or less; the property is on the mouth of Bill's Creek and that his father had owned the place. The prosecutor, Mr. Cravens, testified that three or four years before this occurrence he had sold the defendant Yates some timber located south of the present tract and that at that tmie Yates tried to buy the timber on the tract involved in this case but he would not sell it to him. The State failed to introduce that deed but, as we shall show later herein, the deed would have been merely color of title, and without either actual possession or possession of some part the deed would have been of no avail to the State.

Over the objection of defendants' attorney, however, the Court, for the purpose of fixing the boundary of the land, permitted the prosecutor to introduce a deed which he had executed after the commission of this trespass to his son, which deed identified the property and gave the boundaries of same.

In the case of *Pepper v. Gainesboro Tel. Co.*, 1 Tenn. App. 175 (no petition for certiorari filed), in a similar situation, i. e., in an action in trespass to recover damages for cutting a tree where neither party was in possession, plaintiff was allowed to prove his title by oral evidence which was not objected to. It was *Held,* sufficient proof of title to maintain the action, as this was some evidence to support the verdict of the jury.

 If that decision were sound, it would be determinative of this case. We do not think it is sound for the following reasons:

That case cites 23 C.J., 39, for the rule that parties may try their case on evidence not of the quality and character required by law. The same rule is repeated in 32 C.J.S. Evidence sec. 1034, p. 1077. Of course, the ordinary rule in Tennessee is that hearsay evidence or evidence otherwise incompetent generally admitted without objection may be considered for whatever it is worth by the court or jury trying the case. The text, however, in 32 C.J.S., supra, states "Evidence intrinsically destitute of probative quality acquires no new attribute in point of weight by its production in the case." In support of said statement are cited the two Tennessee cases: *State, for the use of Burrow v. Cothron,* 21 Tenn.App. 519, 113 S.W.2d 81, and *Westmoreland v. Farmer,* 7 Tenn.App. 385, 389. And, of course, if evidence has no

probative value, it can not enter into the decision of the question involved.

In the Westmoreland case, supra, it is *Held,* possession is a fact and not a mere conclusion and is observable by any ordinary person. As we shall show, however, the same thing can not be said of the question of legal title.

In the Pepper case, supra, is cited *Union Tanning Co. v. Lowe,* 148 Tenn. 407, on page 413, 255 S.W. 712, 714, wherein it is said:

"Where the complainant seeks to enjoin a trespass, and is not in possession of the disputed strip, he must show the legal title to be in himself before a possession will be presumed. Legal title does not mean possessing a deed purporting to convey a title in fee, but a deraignment of title back to the state. *Snoddy v. Kreutch,* 3 Head, 301; *Gainus v. Bowman & Pratt,* 10 Heisk. 600; *King v. Mabry,* 3 Lea [237], 241; *Walker v. Fox,* 85 Tenn. 154, 2 S.W. 98."

Then in *Snoddy v. Kreutch,* supra, 3 Head at page 304, the Court said:

"The party's claim of ownership, or the taking of timber from the land, unsustained by actual possession, cannot have the effect (to establish title by adverse possession, etc.)—(parenthesis ours) * * * Nor will, as we believe, the mere parol declarations, acts, of acquiescence of Snoddy, and his vendors. *Rogers v. White,* 1 Sneed, 68; *Jackson ex dem M'Donald v. M'Call,* 10 Johns. 377. These must be aided by the possession of the adverse party, otherwise, *it is to establish title in the plaintiff by parol evidence, which cannot be done."*

The above was a piece of wild and unenclosed land not in possession of anyone.

In *Rogers v. White,* supra, 1 Sneed at page 74, where in defining and proving boundaries of land—a conventional line is relied upon, title must be shown in the parties to the agreement by which such line is established. Parol evidence of such line is admissible only, after the legal evidence is adduced that the parties (to the agreement) had title to the adjoining premises, and therefore a right to make such agreement. The Court said:

"The effect of the testimony excepted to is to establish a title in Houston by parol evidence, and clearly this is not allowable."

In the latter case it appears that the evidence was excepted to, while in the Snoddy case it does not appear one way or the other. In view of the fact that it is so well established in this State that title must be proved either (1) by deraignment from the State, or (2) from a common source, or (3) by adverse possession under some statute of limitations, or (4) adverse possession without any assurance of title for a period of 20 years or more from which under our common law a title will be presumed, and in view of the clear statement in *Union Tanning Co. v. Lowe,* supra, defining legal title to be something more than merely possessing a deed, which is only color of title, it does not seem that a person not in actual possession of property should be permitted to prove legal title by his mere acts, declarations, etc., whether such evidence be objected to or not.

Such declarations, acts, etc., are merely evidence that the declarant or actor believes he is the owner. A person *not in possession,* either actual or constructive, can prove legal title only by method (1) or (2), supra. This means a paper title and not one by reputation. The only ways of proving a paper title are: (1) by production of the original documents or legally authorized certified copies thereof, or (2) if same cannot be produced and their non-production or absence is satisfactorily accounted for, then under the Best Evidence Rule the *contents* of the original documents may be proved by parol evidence. *Sims v. Sims,* 24 Tenn. 370; *Hart v. Vinsant,* 53 Tenn. 616.

In the latter case, the Court said:

"It is therefore error to exclude the title papers, or without an explanation of their absence to permit ownership to be shown by parol proof of title bond."

The decision on the point raised is correct but the possible intimation that ownership can be shown by proof of a title bond is clearly not correct, because a title bond is simply an executory substitute for a deed, neither of which is a legal title but only color of title. *Union Tanning Co. v. Lowe,* supra.

The same rules as to the above requirements apply in criminal cases as well as in civil. *Clark v. State,* 131 Tenn. 372, 174 S.W. 1137; *Deadrick v. State,* 122 Tenn. 222, 122 S.W. 975.

For the foregoing reasons, we think that this case should be reversed and remanded.