IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 16, 2019 Session

**STATE OF TENNESSEE v. KRISTIE LEA CRAFTON**

**Appeal from the Circuit Court for Williamson County
No. I-CR078181-C, I-CR099101     Michael Binkley, Judge**

—————————————————

**No. M2018-00094-CCA-R3-CD**

—————————————————

Kristie Lea Crafton, Defendant, was sentenced to drug court after she violated the terms of probation.  After she was expelled from drug court, the trial court revoked her probation and ordered Defendant to serve her sentence in confinement.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined

W. J. Bo Ladner III, Nashville, Tennessee, for the appellant, Kristie Lea Crafton.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Kim R. Helper, District Attorney General; and Mary Katharine White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Williamson County Grand Jury indicted Defendant for one count of aggravated child neglect, two counts of initiating the manufacture of methamphetamine, one count of promoting the manufacture of methamphetamine, one count of conspiracy to initiate methamphetamine manufacture, one count of simple possession of methamphetamine, and one count of possession of drug paraphernalia.  On March 23, 2015, Defendant pleaded guilty to one count of promoting the manufacture of methamphetamine, and the other charges were dismissed.  Pursuant to the plea agreement, the trial court sentenced her to four years' probation.

On September 14, 2015, Defendant was indicted for selling Schedule II drugs with an offense date of June 17, 2015. A probation violation warrant issued, and on May 5, 2016, Defendant pleaded guilty to the sale of a Schedule II drug and received a sentence of six years' probation, to be served consecutively to her prior sentence. Defendant admitted to the violation and accepted an extension of her original probation for another four years. As part of her agreement, Defendant was required to participate in the 21st Judicial District Recovery Court ("drug court"). Another probation violation warrant, alleging that Defendant had failed to successfully complete the drug court program, was issued on September 22, 2017.

A revocation hearing was held on December 15, 2017. Taz Farmer, Defendant's case manager in drug court, testified that Defendant had been sanctioned for a "severe violation" for failing to report for a drug screen on time and had been ordered to serve twenty-four hours in jail. Mr. Farmer stated that, as part of her probation, Defendant was required to "work at a lawful occupation . . . to the best of [her] ability." Mr. Farmer stated that the drug court received information that Defendant "was really not working for the individual that was giving her a paycheck[,]" and therefore, her income could not be verified. Mr. Farmer advised her to seek a job that could more easily be verified. Defendant began working at Franklin Kubota in August of 2017.

Defendant was regularly required to fill out and file a "21st Drug Court Reporting Form" concerning her work. Forms filed for August 25 and September 8 named Franklin Kubota as her employer. Mr. Farmer began to notice that the GPS tracking application on Defendant's phone indicated "that she was at home a lot" during that time, so he contacted Francisco Quezaba, the general manager at Franklin Kubota, who stated that Defendant had been laid off in August. Mr. Farmer asked Mr. Quezaba to draft a letter indicating the date Defendant was hired and laid off. The first letter was unsigned and stated that Kristie "Thompson" worked for Franklin Kubota from August 22 through August 25, when she was laid off.[1] Mr. Quezaba also provided a signed letter stating that Defendant was "told on August 28, 2017, that she would be laid off due to a decrease in needed labor."

On September 15, Mr. Farmer questioned Defendant about her September 8 form and whether she had been laid off from Franklin Kubota on August 28. The September 8 form stated that her work schedule for "this week" was 8 a.m. to 4:30 p.m. Tuesday through Friday and "next week" 8 a.m. to 12 p.m. Monday and 8 a.m. to 4:30 p.m.

---

[1] The "Employee New Hire Data" form, the "Employee Eligibility Verification" form, and the W4 all list Defendant's name as Kristie Thompson. All of the trial court records, including the indictments and the judgments, show her last name as Crafton. The record does not explain why she used "Thompson" when she sought employment at Franklin Kubota.

Tuesday through Friday. According to Mr. Farmer, Defendant stated that she did not know she had been laid off from Franklin Kubota when she filled out the report on September 8. Confusingly, Mr. Farmer testified that his "History of Supervision" form indicated that Defendant knew that she was no longer employed at Franklin Kubota on September 6, two days before she completed her September 8 report. Defendant told Mr. Farmer that she had obtained employment with Family Dollar.

On cross-examination, Mr. Farmer agreed that Defendant was contacted after she failed to appear for her drug screen that led to her first violation and that she reported within half an hour after she was contacted and tested negative for drugs.

Francisco Quezaba testified that Defendant began working at Franklin Kubota on August 22, 2017, and was laid off at 11:00 a.m. on August 28 due to a lack of available work and poor job performance. Mr. Quezaba testified that Defendant was told that she was terminated on August 28. On cross-examination, Mr. Quezaba admitted that he did not personally tell Defendant that she was terminated, but he knew that the owner of Franklin Kubota did. Both of Mr. Quezaba's letters were admitted as an exhibit and read by Mr. Farmer into the record.

Defendant's mother testified that Defendant "had gotten sober" in her drug treatment and had not relapsed. She stated that she did not know Defendant had been laid off from Franklin Kubota until around September 12 when she drove Defendant to Franklin Kubota to pick up some final paperwork.

Defendant testified that she was only informed of her termination on September 12, and she did not know she was laid off prior to that date. She admitted that she did not work at Franklin Kubota between August 28 and September 12 but claimed that she had been calling Mr. Quezaba to ask if there was any work available. She claimed that the report she submitted both before and after September 8 represented "when [she] was supposed to work, if there was work," rather than hours she actually worked. She agreed that she went to Franklin Kubota on September 12 to pick up her check and termination paperwork.

Following a revocation hearing, the trial court found that Defendant had been dishonest about her employment, which had led to her expulsion from drug court, that Defendant had been given several "opportunities to try and correct her life," and that she had violated the terms of her probation. The court revoked her probation and ordered Defendant to serve her sentence.

Defendant timely filed a notice of appeal.

*ANALYSIS*

On appeal, Defendant claims that the trial court improperly admitted uncorroborated "double hearsay" as dispositive evidence and abused its discretion in putting the entire sentence into effect. The State claims that Defendant waived her hearsay issue by failing to object to the hearsay and thereby raising the issue for the first time on appeal. Further, the State contends that Defendant has not shown that she is entitled to plain error relief. The State also claims the trial court exercised proper discretion in revoking Defendant's probation and placing the sentence into effect. We agree with the State.

*Waiver and Plain Error Review*

Tennessee Rule of Appellate Procedure 36(a) states that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." "The failure to make a contemporaneous objection constitutes waiver of the issue on appeal." *State v. Gilley*, 297 S.W.3d 739, 762 (Tenn. Crim. App. 2008). Defendant did not make a contemporaneous objection to Mr. Quezaba's testimony that he heard from another individual that the owner of Franklin Kubota had terminated her employment. Even though Defendant waived plenary review of this issue, "when necessary to do substantial justice," this court may "consider an error that has affected the substantial rights of a party" even if the issue was waived. Tenn. R. App. P. 36(b). Such issues are reviewed under plain error analysis. *State v. Hatcher*, 310 S.W.3d 788, 808 (Tenn. 2010).

Plain error relief is "limited to errors that had an unfair prejudicial impact which undermined the fundamental fairness of the trial." *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994). Defendant bears the burden to show that the trial court committed plain error and that the error was of sufficient magnitude that it probably changed the outcome of the hearing. *State v. Bledsoe*, 226 S.W.3d 349, 354-55 (Tenn. 2007). Under plain error review, relief will only be granted when five criteria are met: (1) the record clearly establishes what occurred in the trial court, (2) a clear and unequivocal rule of law was breached, (3) a substantial right of the accused was adversely affected, (4) the accused did not waive the issue for tactical reasons, and (5) consideration of the error is necessary to do substantial justice. *State v. Gomez*, 239 S.W.3d 733, 737 (Tenn. 2007). When it is clear from the record that at least one of the factors cannot be established, this court need not consider the remaining factors. *State v. Smith*, 24 S.W.3d 274, 283 (Tenn. 2000). The defendant bears the burden of persuasion to show that he or she is entitled to plain error relief. *Bledsoe*, 226 S.W.3d at 349, 355.

- 4 -

## *Hearsay*

Hearsay evidence may be admitted in a probation revocation hearing when the trial court finds that it is reliable. *See State v. Burgins*, 464 S.W.3d 298, 310-11 (Tenn. 2015) (concluding that a trial court may admit hearsay evidence at a pretrial bail revocation hearing when the trial court finds that the evidence is reliable); *see also State v. Wade*, 863 S.W.2d 406 (Tenn. 1993) (concluding that under both the United States and Tennessee Constitutions, the State could not rely on hearsay evidence to revoke probation "without a finding of good cause and proof of the reliability" of the hearsay). When a party fails to object, hearsay may "be considered as evidence in the case" and "given such weight" as the trier of fact determines "proper under the circumstances[.]" *State v. Bennett*, 549 S.W.2d 949, 950 (Tenn. 1977); *see also Yates v. State*, 332 S.W.2d 186 (1960) ("the ordinary rule in Tennessee is that hearsay evidence . . . generally admitted without objection may be considered for whatever it is worth by the court or jury trying the case"). When a party fails to object, the trial court is not required to determine the reliability of hearsay. Because there was no objection, no clear and unequivocal rule of law was breached by the admission of hearsay nor was a substantial right of the accused adversely affected. *See State v. Tedarrius Lebron Myles*, No. E2016-01478-CCA-R3-CD, 2017 WL 2954690, at *5 (Tenn. Crim. App. July 11, 2017) (concluding that the admission of hearsay was not plain error because no clear and unequivocal rule of law was breached and the defendant did not establish that consideration of the error was necessary to do substantial justice), *perm. app. denied* (Tenn. Nov. 16, 2017). Defendant is not entitled to relief.

## *Revocation of Probation*

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing Tenn. Code Ann. §§ 40-35-310, -311). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554–55 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.*

Here, there is substantial evidence to support the trial court's determination that Defendant violated the terms of her probation. Defendant admitted that she listed on her report to the drug court the hours that she "was supposed to work, if there was work" without then notifying her case manager that she did not actually work those hours. The trial court found that Defendant had been dishonest about her employment, which led to

her expulsion from drug court. The trial court did not abuse its discretion in revoking Defendant's probation. Moreover, the trial court acted within its discretion by ordering that Defendant serve her sentence in confinement.

### *Conclusion*

We affirm the trial court's revocation of Defendant's probation and the imposition of her sentence.

_____
ROBERT L. HOLLOWAY, JR., JUDGE