Alvin Hawkins, J.,
delivered the opinion of the Court. •
The defendants in error were indicted in the Circuit Court of Monroe county, at its May Term, 1866, for the murder of Patrick Trotter.
At the. May Term, 1868, of said Court, it was ordered by the Court that the venue in the cause be changed from the county of Monroe to the county of Blount.
Subsequently, the defendants were arraigned in the Circuit Court of Blount, plead “not guilty” to the indictment, were put upon their trial, and convicted of the crime of murder in the second degree, and their term of imprisonment in the penitentiary fixed at the period of ten years.
The defendants moved for a new trial, which was refused. They then moved in arrest of judgment, which motion was sustained, and judgment upon the verdict, arrested.
The Attorney-general, upon the part of the State, has appealed in error to this Court.
The first question which presents itself for our consideration, is this: Did the Circuit Court of Blount county have jurisdiction to try the defendants and pronounce judgment in the cause?
The entry made upon the minutes of the Circuit Court of Monroe county, at its May Term, 1868, recites: “for sufficient cause disclosed to the Court, from *541 the affidavits of the defendants filed in this cause, it is ordered by the Court that the venue in this cause be changed from this county to the county of Blount, for trial."
It is provided by section 5195, of the Code, that the venue in criminal prosecutions, may be changed:
First, “When upon the application of a defendant in a felony case, it is made to appear satisfactorily to the Court, that, from undue excitement against the prisoner in the county where the offense was committed, or any other cause, a fair tri,al could not probably be had." . '
Second, “When the Court in any criminal case, upon an attempt to select or impanel a jury for the trial of the defendant, is of opinion that a fair and impartial trial cannot be had in the county where the cause is then pending."
But by section 9 of Article 1, of our bill of rights, which is, by section 12 of Article ix, of the Constitution of the State, made part thereof, it is provided that, in all criminal prosecutions by indictment or presentment, the accused shall have a right to “a speedy, public trial by an impartial jury of' the county or district in which the crime shall have been committed.”
The right of the accused to be tried in the county in which the offense is alleged to have been committed, is a right secured to him by the Constitution, and of which he cannot, in any case, be deprived without his consent given in open court.
*542 The record wholly fails to show that the' defendants applied, for the change of venue, or the nature of the reasons, which were deemed satisfactory by His Honor, the Circuit Judge, and because of which, a change was ordered, or that the defendants consented thereto.
It is true, the record recites that, “for sufficient cause disclosed to the , Court, from the affidavits of the defendants filed in .this cause, it is ordered,” etc., but neither the object in filing the affidavit, or the substance thereof, anywhere appears in this record. For aught we can see, the affidavit may have been offered in support of an application for a continuance of the cause, and that too, without the defendants having any purpose, or wish to change the venue.
In prosecutions of this character, involving the lives of the defendants, we cannot presume, in the absence of record evidence of the fact, that they have voluntarily surrendered a constitutional right which may be sacred and invaluable to them. As this Court said in the case of Davidson vs. The State, 2 Coldwell, “when presumptions become dangerous they cease to arise.”
‘ The inevitable result is, that the order of the Circuit Court of Monroe County, directing that the venue be changed to the County of Blount, was in violation of the constitutional rights of the defendants, unauthorized and wholly insufficient .to confer upon the Circuit Court of Blount County, any jurisdiction to try the cause, or . to punish the defendants. •
The Circuit Court of Monroe County has never divested itself of full and complete jurisdiction over the *543 cause. The Circuit Court of Blount County could not, by any act of its own, acquire the jurisdiction necessary to try and punish the defendants.
It follows, therefore, that the action of the Circuit Court of Blount, in arraigning the defendants, receiving their plea, putting them upon trial, etc., except in arresting the judgment upon the verdict, was unauthorized, erroneous and void.
The Attorney-general for the State has suggested to this Court, that the transcript of the record in this cause is imperfect, and has asked that a certiorari be awarded, directing the Clerk of the Circuit Court of Monroe County, to send up to this Court a perfect transcript of the record in this cause, as the same remains of record in that court.
"Whether the writ asked for would lie or not, or whether we could look to a transcript of the records of any court except the court in which the . defendants were tried and convicted, and from which the cause is brought into this court, are questions which we need not now determine.
It would, however, seem that the defendants could, in any event, only be tried in the Circuit Court of Blount County, upon the records of that court, and that if they were so defective that a conviction of the defendants could not be sustained in that court, such defects could not be supplied in this court, by procuring a transcript from Monroe County, so as to authorize a judgment, here which may have been properly arrested by the Court in which the cause was tried.
It has not been suggested that the transcript now *544 on file in this court, is not a perfect transcript of the record, as the same appears in the Circuit Court of Blount County. The suggestion is, that' there is not of record in the Circuit Court of Blount County, a perfect transcript of the record in the Circuit Court of Monroe County.
But it has not been suggested, that the apparent defect in the record heretofore mentioned, can be cured even by a transcript from the Circuit Court of Monroe County. In fact, it appears from a transcript presented in support of the application, that the transcript already on file in this court, contains a perfect transcript of the order of the Circuit Court of Monroe County, directing that the venue be changed to. the County of Blount.
Therefore, and inasmuch as the objection already pointed out is fatal, the application for a certiorari will be refused.
The refusal of the Circuit Court of Blount County to pronounce judgment upon the verdict, was certainly correct.
The order of the Circuit Court of Monroe County, directing that the venue be changed, will be vacated; all the proceedings-of the Circuit Court of Blount County, will be set aside and declared void, and the defendants remanded to the County of Monroe, where the cause will be proceeded with, as though no such order had ever been made.