## ANDERSON FRANKLIN v. THE STATE.

CRIMINAL LAW. *Venue.* Where a homicide was proven to have been committed seventy-five yards or more from the place of the prisoner's arrest, and the county of arrest is proven; held, the proof of venue was insufficient. The proof of venue must not be left to inference or construction.

Case cited: *Maples* v. *The State*, 3 Heis.

### FROM FRANKLIN.

Appeal from Circuit Court. W. P. HICKERSON, J.

Franklin *v.* The State.

ATTORNEY GENERAL HEISKELL for State.

FITZPATRICK, GREGORY and DAVIS } for defendant..
WILLIAMS and MARTIN    ,

LEA, Sp. J., delivered the opinion of the court.

·Anderson Franklin was indicted in the Circuit Court of Franklin for the murder of Wilborne Franklin. He was tried and convicted of voluntary manslaughter, and sentenced to eight years in the penitentiary.

The proof, as set forth in the bill of exceptions,. is that the homicide was committed about seventy-five yards from Mrs. Franklin's, and it is further proved that the prisoner was arrested by an officer of Moore county, at the house of . Mrs. Franklin, in Franklin county. This is all the proof in the record as to. the venue.

This proof is insufficient, and the cause must be reversed and remanded.

In the case of *Maples* v. *The State,* 3 Heis., the proof was that Dr. Beaty lived in Giles county, and the party poisoned was in a cabin in his yard. The court properly held that the fair construction of that evidence was that the poisoning was in Giles county· In this case no such construction can be given the proof. Mrs. Franklin's is proven to be in Franklin county, and. the witnesses locate the place of the homicide at from seventy-five to three hundred yards from, ·Mrs. Franklin's house. Can we infer it was in Franklin county? We might as reasonably infer that

a point distant one, two or three miles from the house of Mrs. Franklin was in Franklin county.

Reversed and remanded.