GILLILAND *v.* STATE.

(*Knoxville,* September Term, 1948.)

Opinion filed December 11, 1948.

KILGO & ARMSTRONG, of Greeneville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Gilliland was indicted, tried and convicted for robbery, with a maximum punishment fixed at a period of ten years in the penitentiary. He has appealed and assigns only one error, i. e., that venue was not proven.

The plaintiff in error along with another were jointly indicted and convicted for taking the taxicab and approximately $200.00 in cash from the prosecutor. Ralph Gilliland, the other defendant, did not appeal.

The prosecutor was not familiar with the location of the robbery, i. e., in what county it took place. He testified though as to the road or roads over which he drove to the point of robbery, pointing out certain land marks (creeks, churches, etc.) and from this description the clerk of the Criminal Court who heard this testimony fixed the point of robbery in Greene County, Tennessee. This clerk had lived in this neighborhood for approximately thirty years and had also been a mail carrier over this road.

The method employed by the State in tying the location together so as to establish the *locus in quo* in Greene County was rather unique. The method employed is analogous to the method used in propounding hypothetical questions to expert witnesses, except that in the present case the expert on the question of venue was permitted to hear the witness testify instead of having propounded to him a hypothetical question.

█ Under the facts here presented no prejudice is done the accused even though the rule had been asked for. The prosecutor detailed where he was robbed by describing the road, creeks crossed in getting there from marked roads, etc., and from this description a person who long had lived in that neighborhood fixed the *locus in quo* in Greene County. In this character of testimony the rule does not apply because the expert witness called is not asked to testify to facts contrary to those he has heard. He merely takes the statement of facts heard from these fixes a location, as to where they occurred. It is for the jury to say whether or not under such testimony venue is properly fixed.

█ Venue is jurisdictional and may be established by the preponderance of the evidence (not beyond a reasonable doubt). *Norris* v. *State*, 127 Tenn. 437, 438, 155 S. W. 165. Venue, like any other fact, may be proven by circumstantial evidence. *Ford* v. *State*, 184 Tenn. 443, 201 S. W. (2d) 539. In proving venue it frequently becomes necessary to add together the evidence of two or more witnesses for obvious reasons. The authorities generally recognize this as a proper and necessary means of establishing this jurisdictional fact. See 23 C. J. S., Criminal Law, Sec. 914, page 169.

The judgment below should be corrected so as to sentence the plaintiff in error to undergo confinement for not less than five nor more than ten years. With this correction the judgment must be affirmed.

All concur.