234

CRAIG *v*. MARQUETTE CEMENT MFG. CO.

(*Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

Rehearing denied April 29, 1950.

WILLIAM GREENE and STOCKELL & FINNEY, of Nashville, for appellant.

Wilson Sims, Judson Harwood and Bass, Berry & Sims, all of Nashville, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This suit was instituted in the Chancery Court of Davidson County, under the provisions of the Workmen's Compensation Law, Code, Section 6851 et seq., by petitioner, William Henry Craig, against his employer, Marquette Cement Manufacturing Company, seeking to recover benefits for the loss of his left eye. The Special Chancellor dismissed petitioner's suit on the ground that the loss of his left eye was the result of a disease and not an accident.

It is stated in the petition that on and prior to August 20, 1948, petitioner "was employed as a laborer on the hammer-mill floor running a hammer-mill conveyer belt, and, at a moment when looking up at the belt, a rock struck petitioner's left eye, which said rock was thrown out either from the hammer-mill or from the belt above the hammer-mill."

The proof discloses that petitioner's eye was so injured as to become immediately inflamed, or bloodshot in appearance, causing him to go to an eye specialist as soon as he got off from work at 3 p. m. Petitioner first went to see Dr. Robert J. Warner, an eye specialist of Nashville, on the afternoon of the day of the injury. Petitioner's eye continued to pain him, and on the following day, Saturday, August 21, 1948, he went to the doctor of defendant Company, who treated his eye. The accident occurred on Friday, August 20, and on the following Monday, August 23, petitioner was sent to the offices of Drs. Sullivan and Lyle, of Nashville, by the Company Doctor. Dr. Lyle treated petitioner's eye on August 23, and for some days thereafter. Dr. Lyle testified that the blow from the small rock had completely healed by August 30; that when he first saw petitioner the left eye was slightly red, with a small scratch toward the nose near the cornea.

On October 11, 1948, petitioner's eye was removed in an operation at the St. Thomas Hospital in Nashville. Dr. Lyle testified that the immediate cause of the removal of the eye was retinal occlusion; that it was his opinion the retinal occlusion in petitioner's eye was caused by disease of the blood vessels, and not as a result of the accident; that "occlusion of the retinal vein is probably most frequently caused by diseases of the blood vessels." Dr. Lyle further testified that the inflamed condition and general redness in petitioner's eye was, at the time he was first examined, mild.

According to the testimony of Drs. Sullivan and Lyle, the injury sustained by petitioner on August 20, 1948,

did not contribute to the loss of his eye, or hasten the necessity for removing the diseased eye.

■ As the Special Chancellor observed, the positive medical testimony is against the contention of petitioner and in favor of defendant. The record discloses that petitioner had been suffering from a disease of the eyes known as glaucoma at the time of the alleged accident. So, we are confronted with the well-established rule in this State that where there is material evidence to support the finding of the trial judge, such finding will not be disturbed by this Court on appeal. *P. H. Reynolds & Co.* v. *McKnight*, 177 Tenn. 228, 148 S. W. (2d) 357; *Tennessee Products Corp.* v. *Atterton*, 182 Tenn. 110, 184 S. W. (2d) 371; *Plumlee* v. *Maryland Casualty Co.*, 184 Tenn. 497, 201 S. W. (2d) 664.

■ It will be noted that the eye specialist to whom petitioner first went was not called as a witness by him. The failure to call an available witness possessing peculiar knowledge concerning facts essential to defendant's cause, relying instead upon evidence of witnesses less familiar with the matter, gives rise to a strong presumption that the testimony of such uninterrogated witness would not sustain the contentions of defendant. *St. Louis & S. F. R. Co.* v. *Finley*, 122 Tenn. 127, 118 S. W. 692, 18 Ann. Cas. 1141; *Fisher* v. *Travelers' Insurance Co,.* 124 Tenn. 450, 138 S. W. 316, Ann. Cas. 1912D, 1246.

■ When a case concerns a highly specialized branch of medical science, courts must depend largely upon expert testimony. *National Life & Accident Ins. Co.* v. *Follett*, 168 Tenn. 647, 80 S. W. (2d) 92; *Tibbs* v. *Equitable Life Asur. Soc.*, 179 Tenn. 594, 168 S. W. (2d) 779; *Nashville, C. & St. L. Ry. Co.* v. *Jackson*, 187 Tenn. 202, 213 S. W. (2d) 116.

238

■ We find material evidence in the record before us to support the decree of the Special Chancellor. The assignments of error must, therefore, be overruled and the decree affirmed.

All concur.