**Lieutenant TAYLOR, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 17, 1974.

Certiorari Denied by Supreme Court March 3, 1975.

Walker Gwinn, Memphis, for plaintiff in error.

Milton P. Rice, Atty Gen., Wm. B. Hubbard, Asst. Atty. Gen., Nashville, Michael W. Hughes, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

OPINION

WALKER, Presiding Judge.

In two cases the defendant, Lieutenant Taylor, was indicted for first degree murder of Willie Lee Davis and for carrying a pistol. The cases were tried together with a not guilty verdict being returned in the murder case and a guilty verdict for carrying a pistol with punishment fixed at a fine of $1000 and 11 months and 29 days in the workhouse.

On this appeal in error the defendant says that venue was not proven. This question was not raised in the new trial motion. In any event we find that venue was proven by state's witness, Walter L. Griffin, an eyewitness who testified to the facts of the killing with a pistol and was asked and he answered:

"Q. Mr. Griffin, did the facts that you have testified to here today, did they happen in Memphis, Shelby County, Tennessee?

A. Yes, Sir."

Venue was proven here and this assignment is overruled

1. Federal Bureau of Investigation—Homicide Statistics.

The defendant and a number of witnesses testified that he shot the deceased in self-defense. He said that for two years he regularly carried a .22 pistol in case he got in trouble. On this occasion he had carried it to the Psychedelic Shack but after leaving had given it to his sister and she had put it in her purse. She had given him a switchblade knife but he did not have it when his difficulty arose with the deceased. When the deceased attacked him he snatched the purse from his sister and the pistol fell to the ground. His written statement says he picked it up and went back, the deceased was coming toward him with a knife and he pulled the trigger.

By the defendant's testimony he carried the pistol that day to protect himself, that is, to go armed. It is no defense that a defendant has armed himself solely for the purpose of self-defense. Coffee v. State, 72 Tenn. 245.

All assignments are overruled and the judgment is affirmed.

OLIVER and RUSSELL, JJ., concur.