**Alvin T. WHITE, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

June 8, 1976.

Certiorari Denied by Supreme Court
Aug. 16, 1976.

David Vincent, Nashville, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., John E. Rodgers, Asst. Dist. Atty. Gen., Nashville, for defendant-in-error.

## OPINION

WALKER, Presiding Judge.

In three counts the Davidson County grand jury indicted the defendant below, Alvin T. White, for (1) rape of Marcelle Schlosser; (2) abduction of a female with intent to defile her (T.C.A. § 39–3709) and (3) abduction of a female from her parents (T.C.A. § 39–3708). At the conclusion of the proof, the state elected to proceed only on the first count. The jury found White guilty of rape and fixed his sentence at imprisonment for 30 years.

Marcelle Schlosser, an 18-year-old mentally retarded girl, lived in Nashville with her parents under constant supervision. She attended a school for retarded children. On May 16, 1974, at about 3:30 p. m., she returned from the school on a bus and her father told her to sit on the porch while he went to the bathroom. At this time a person, identified by the next door neighbor as the defendant, drove into the driveway in his station wagon. Marcelle went to the driver's side of the station wagon and then got in the passenger's side. The neighbor ran out of her house calling to the defendant to wait but he backed out and drove away at a fast speed.

Another witness identified the defendant as the driver of the car he met in which car the girl was a passenger.

The police were immediately notified that this retarded girl had been kidnapped or abducted and they began a search for her.

At about 7:20 p. m., the girl was put out of the defendant's station wagon about a block from her home. A witness took his license number. Her two sisters found Marcelle highly emotional, hysterical, crying, jerking and jumping. She was limping, holding her vaginal area, and said, "He hurt me in my butt." She was promptly taken to a hospital and examined at which time dirt, grime and charred particles were found in her vaginal and rectal area. The defendant's home had been partly burned and contained charred wood. There was physical damage to the vagina, the hymen ring had been torn and penetration had occurred. She was treated for vaginal bleeding and a Trichomonas infection, caused by intercourse, developed.

The girl told her mother that a man took off her clothes and got on top of her. On account of her mental condition she was unable to give an account of the details of the incident when called as a witness.

The defendant, age 36, testifying in his own behalf, denied any connection with the crime. He said he had been at home all that day. His wife corroborated his alibi. He admitted owning the station wagon involved but said it had been stolen that day and that he had reported the theft to the police. He admitted his home was charred by a fire.

The defendant had a beard at the time of the crime but was clean shaven the next day. His bed was described as filthy.

It is clear that the girl had intercourse. From the evidence the jury could find that the defendant took this retarded girl from her home without permission and carried her in his station wagon to his home, which was in a charred condition, and had sexual intercourse with her there forcibly and against her will. From her whole physical and emotional condition after the incident, the jury could find that the defendant used force and violence and that the act was against the will of this retarded girl. The jury could have reasonably found that she put up all the resistance of which she was capable. In her mental condition she was incapable of great or prolonged resistance. Under the rules laid down in *King v. State,* 210 Tenn. 150, 357 S.W.2d 42, the evidence does not preponderate against the verdict. The assignments on the weight and sufficiency of the evidence are overruled.

■ The defendant contends that venue was not established.

The evidence shows that the defendant's home where the offense occurred is in North Nashville which the court judicially knows is in Davidson County. The defendant's car is registered in Davidson County. From all the evidence, the jury could properly find that the offense took place in Davidson County. See *Gilliland v. State,* 187 Tenn. 592, 216 S.W.2d 323.

■ The defendant says the trial court erred in allowing a witness to testify from records that she neither kept nor checked.

Over defendant's objection, a senior stenographer of the police department testified in rebuttal that no report was made of the stolen car on the police records. She did not check the records personally nor did the person who examined the records do so at her direction. The evidence was hearsay and inadmissible. In view of the testimony of two eyewitnesses who saw the defendant in his station wagon with the girl, this testimony was harmless error.

All assignments are overruled and the judgment is affirmed.

RUSSELL and DAUGHTREY, JJ., concur.