STATE of Tennessee, Petitioner,

v.

William BENNETT, Respondent.

Supreme Court of Tennessee.

April 25, 1977.

Donald S. Caulkins, Asst. Atty. Gen., for petitioner; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

Wayne S. Taylor, Taylor & Taylor, Nashville, for respondent.

## OPINION

BROCK, Justice.

Defendant was convicted of selling a Schedule III controlled substance in violation of the Drug Control Act. The Court of Criminal Appeals reversed the conviction and remanded for a new trial, holding that the State failed to establish by a preponderance of the evidence that the offense occurred in the county of trial, Williamson County. To review this determination, we granted the State's petition for certiorari.

Both Article 1, § 9, Constitution of Tennessee, and T.C.A. § 40–104, provide that the defendant has the right to trial by a jury " . . . of the County in which the crime shall have been committed." This right of venue is not an element of the criminal offense and, so, need not be proven beyond a reasonable doubt; preponderance of the evidence is sufficient. *Harvey v. State*, 213 Tenn. 608, 376 S.W.2d 497 (1964);

*Gilliland v. State*, 187 Tenn. 592, 216 S.W.2d 323 (1948). Circumstantial evidence will do. *Hopson v. State*, 201 Tenn. 337, 299 S.W.2d 11 (1957).

The defendant made this drug sale at his home to undercover agent, Johnson, of the T.B.I. On the issue of venue, agent Johnson testified as follows on direct examination:

"Q. Mr. Johnson, this sale of the PCP on March 1, 1974, for $80.00, did this take place in Williamson County?

"A. Yes, sir."

On cross-examination, he testified:

"Q. Where did you drive?

"A. Went up to the Interstate until the next exit, got off on Peytonsville Road.

"Q. How far down the Peytonsville Road did you go?

"A. I don't recall.

      *      *      *      *      *      *

"Q. You know where the County Line is on Peytonsville Road?

"A. No sir, I don't.

"Q. How do you know it's in Williamson County?

"A. Well, this is what the Sheriff told me.

"Q. It's what the Sheriff told you, but you don't know yourself, while you were there, that the sale happened in Williamson County, do you?

"A. No sir."

There is no other evidence in the record relevant to the issue of venue, and defendant contends that the foregoing testimony, part of which is hearsay, is insufficient to support the verdict.

■ Defendant did not object to the hearsay statement at the trial; it is, therefore, rightly to be considered as evidence in the case and is to be given such weight as the jury think proper under the circumstances obtaining. *Yates v. State*, 206 Tenn. 118, 332 S.W.2d 186 (1960); Paine, Tennessee Law of Evidence, § 185 at 206;

McCormick, Law of Evidence, § 54 at 125–126; Uniform Rules of Evidence, Rule 1(1), (2).

This rule is well settled and we adhere to it. We think it is a sound rule. Nor do we agree with the view of the Court of Criminal Appeals that it operated unfairly against the defendant in this case. As noted, he did not object to the hearsay statement; neither did he offer any witness to show that the defendant's residence where the sale occurred was not located in Williamson County. In short, defendant did not actually attempt to dispute venue in the trial court.

■ The Court of Criminal Appeals also concluded that "Venue in this case was established, at best, by inference"; but proof by inference is sufficient if the inference is a reasonable deduction from proven facts. *Hopson v. State*, supra, 299 S.W.2d at 14; *Maples v. State*, 50 Tenn. 408 (1872). The Court cited *Franklin v. State*, 64 Tenn. 613 (1875), which holds that proof of venue must not be left to "inference or construction." However, the inference in that case had to arise from the following facts: The offense was committed near a house; the house was in the county; therefore, the offense occurred in the county. In our view, the inference in that case was much more tenuous than that here, where there is evidence that the sheriff stated that the location of the offense was within the county.

This case is more analogous to *Gilliland v. State*, supra, in which the defendant was convicted of robbing the prosecutor by taking his taxicab and money. The prosecutor testified that he did not know of his own knowledge the particular county he was in when the theft occurred, but he described the roads he drove over, and mentioned several landmarks. The State then introduced the testimony of the clerk of the criminal court, who had lived in the county thirty (30) years and worked as a postman, who then testified that the area described was, indeed, in the county.

Also quite similar is *Taylor v. State*, 520 S.W.2d 370 (Tenn.Crim.App.1974), in which

the defendant was convicted for first degree murder in Shelby County, and one of the two issues in the case was whether venue was proven. The only evidence of venue was provided by the testimony of an eyewitness:

"Q. Mr. Griffin, did the facts that you have testified to here today, did they happen in Memphis, Shelby County, Tennessee?

"A. Yes, Sir."

The Court found this proof to be sufficient.

■ Finally, we point out that with respect to venue slight evidence will be enough to carry the prosecution's burden of preponderance if it is uncontradicted, as it is here. *Collins v. Commonwealth,* 508 S.W.2d 43 (Ky.1974); 1 Underhill, CRIMINAL EVIDENCE (6th ed. Herrick 1973), § 98. In our judgment, the evidence of venue supports the verdict.

We, therefore, reverse the judgment of the Court of Criminal Appeals and affirm that of the trial court. Costs are taxed against the defendant.

COOPER, C. J., and HARBISON, J., concur.

HENRY, J., dissenting, FONES, J., joining in dissent.

HENRY, Justice, dissenting.

A Tennessee citizen, prosecuted for criminal conduct, has a constitutionally ordained right to trial in the county "in which the crime shall have been committed." Art. 1, Sec. 9, Constitution of Tennessee. See also Sec. 40–104, T.C.A. He may not be deprived of this right without his consent, *State v. Denton,* 46 Tenn. 539 (1869), and proof of venue must not be left to inference or construction. *Franklin v. State,* 64 Tenn. 613 (1875).

Proof of venue is both a constitutional imperative and an essential predicate to the jurisdiction of the trial court. It may be proved of course, by circumstantial evidence, *Gilliland v. State,* 187 Tenn. 592, 216 S.W.2d 323 (1948), and by a preponderance of the evidence, with the burden of proving venue resting upon the prosecution. *Harvey v. State,* 213 Tenn. 608, 376 S.W.2d 497 (1964).

I agree with the general proposition that hearsay or evidence otherwise incompetent, admitted without objection, "may be considered for whatever it is worth by the court or jury trying the case." This is the holding of *Yates v. State,* 206 Tenn. 118, 332 S.W.2d 186 (1960), relied upon by the majority. The ensuing sentence, apparently overlooked by the majority, reads as follows:

Evidence intrinsically destitute of probative quality acquires no new attribute in point of weight by its production in the case. 206 Tenn. at 121, 332 S.W.2d at 187.

Moreover, *Yates* did not deal with a constitutional imperative. Again, venue is constitutionally indispensable to jurisdiction and must be proved.

The majority places strong emphasis on the failure of the defendant to object to the hearsay testimony. In the context of this trial an objection, at this point, would have been a tactical blunder. The witness had testified on direct examination that the drug sale took place in Williamson County. But on cross-examination he admitted that he did not know that the sale took place in Williamson County, but that the Sheriff, who was not present at the sale, told him it happened in that county. This cross-examination utterly demolished the State's proof of venue and yet, the majority holds that defense counsel should have objected to an answer which was completely favorable to his client. And by failing to object, the majority holds that this testimony, utterly destitute of probative value, is sufficient to meet the constitutional imperative of venue. This won't wash. A defendant's due process rights preclude a holding that he cross-examines at his own peril and at the risk of validating incompetent testimony.

The majority relies upon *Gilliland v. State, supra,* which, in my view has no

relevance. There the venue was fully established by competent proof.

Reliance is also placed upon *Taylor v. State*, 520 S.W.2d 370 (Tenn.Cr.App.1974). This authoritative opinion of the Court of Criminal Appeals is, in no sense, analogous to the instant case. There the witness testified positively that the criminal acts occurred in Shelby County. He did not render his testimony worthless by affirming a fact on direct examination and disaffirming the same fact on cross.

The record in this case shows that the Sheriff of Williamson County was present in court during the trial. Indeed, he was the lead-off witness for the State. He was not recalled to establish venue. At the conclusion of the State's proof, the defendant moved for a verdict of acquittal on the single ground that the State had failed to prove venue.

It would have been a simple matter for the State to have re-opened and called the Sheriff to supply the void in this critical area. It did not.

Instead of calling the Sheriff the State relied upon the testimony of a witness who, by his own admission, did not know in what county the sale occurred—just what the Sheriff told him.

This set of facts is sufficient to trigger the missing witness rule first announced in *Fisher v. Travelers' Insurance Company*, 124 Tenn. 450, 138 S.W. 316 (1911), and set out in *Craig v. Marquette Cement Co.*, 190 Tenn. 234, 229 S.W.2d 148 (1950) as follows:

> The failure to call an *available* witness *possessing peculiar knowledge* concerning facts *essential* to [a party's] cause, relying instead upon evidence of witnesses less familiar with the matter, gives rise to a *strong presumption* that the testimony of such uninterrogated witness *would not sustain the contentions of* [the party failing to call him]. (Emphasis supplied). 190 Tenn. at 237, 229 S.W.2d at 149.

The "strong presumption" phraseology is not universally used in the cases. *Waller v. Skeleton*, 31 Tenn.App. 103, 117, 212 S.W.2d 690, 697 (1948), an earlier case, holds that the failure to call such a witness "affords an inference." *Kidd v. Tennessee Gas Co.*, 33 Tenn.App. 302, 314, 231 S.W.2d 793, 798 (1950), a later case, uses the expression, "a presumption arises", and *Wooten v. State*, 203 Tenn. 473, 314 S.W.2d 1 (1958) seems to view it as an "inference", not conclusive as to any party but merely a fact for the consideration of the jury.

Whether the failure to call the Sheriff who possessed peculiar knowledge of the facts, relying instead upon one who had no such knowledge, creates a presumption, a strong presumption, affords an inference, or is an inference, the fact remains that this situation gives cause for pause. It leaves dangling the requirements of a constitutional imperative.

Under these circumstances I cannot reverse the unanimous conclusion reached by the Court of Criminal Appeals.

I would affirm.

FONES, J., concurring in dissent.