# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY 1997 SESSION



FILED

November 6, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | C.C.A. No.  01C01-9604-CC-00151 |
| Appellee, | ) | |
| | ) | Dickson County |
| V. | ) | |
| | ) | Honorable Leonard W. Martin, Judge |
| | ) | |
| **DOROTHY SHELDON,** | ) | (Forgery) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

Michael J. Flanagan
Dale M. Quillen
Attorneys at Law
95 White Bridge Road
Suite 208, Cavalier Building
Nashville, TN 37205

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Eugene J. Honea
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Dan M. Alsobrooks
District Attorney General

Robert S. Wilson
Assistant District Attorney General
P.O. Box 580
Charlotte, TN 37036

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Dorothy Sheldon, was convicted by a jury of forgery. She was sentenced as a Range III, persistent offender to four years incarceration. She appeals raising the following issues for our review:

1. Whether the evidence is sufficient to support her conviction;

2. Whether the evidence is sufficient to establish venue in Dickson County; and

3. Whether the manner of service of her sentence is proper.

Upon review, we affirm the trial court's judgment of conviction and sentence.

**FACTS**

The appellant called Leader Furniture in Dickson County and represented herself to be Victoria Spann. She requested financing and ordered several items of furniture to be delivered to her home in Humphreys County. She gave the store clerk her correct address and phone number but used a bogus name and social security number. This information was used to complete a credit application which was forwarded to Tennessee Credit Corporation (Tennessee Credit) for approval. Tennessee Credit noticed the address discrepancy but nevertheless approved the application. The furniture was delivered to the appellant's residence in Humphreys County. Upon arrival, she forged the name Victoria Spann to the store's sale invoice and to a security agreement.

A diligent UPS employee noticed the scheduled delivery to Victoria Spann. He called the real Victoria Spann and told her that furniture had been delivered under her name to a strange address. Ms. Spann was puzzled and began to investigate the situation. She informed Tennessee Credit that something was afoot. Tennessee Credit and Leader Furniture began to investigate. Apparently, at this point the appellant thought it prudent to rectify her fraud. She called Leader Furniture and stated that she had mistakenly given

an incorrect social security number on her credit application. She insisted that her correct number be inserted on the credit application. Thereafter, the appellant sent a cashier's check to Tennessee Credit to pay off the debt in full. However, she overpaid. Tennessee Credit requested that she come to its office in Dickson County and pick up the $4.23 overpayment. The appellant complied and accepted the refund check endorsing it in the name of Victoria Spann. Subsequently, she was arrested and indicted for forgery.

I

In her first issue the appellant contends that the evidence presented at trial is insufficient to support her conviction. Specifically, she argues that the state failed to prove that she forged a writing and failed to prove that she intended to defraud anyone because the debt was paid in full. We disagree.

Great weight is afforded a verdict reached by a jury in a criminal trial. A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for this Court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.

307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978).

The evidence was sufficient to sustain the appellant's conviction. The state presented strong circumstantial evidence that the appellant called Leader Furniture with the intent to defraud it out of furniture. Evidence was presented that someone at the appellant's residence forged the name Victoria Spann to a sales invoice and a security agreement. Testimony was elicited that it was the appellant who paid off the furniture "purchase" when an investigation began. Furthermore, the appellant appeared in person at Tennessee Credit to claim her refund check. The testimony presented at trial, albeit circumstantial, overwhelmingly points to the appellant as the person who committed the forgery. A reasonable jury could have concluded the appellant committed every element of the offense beyond a reasonable doubt. This issue is without merit.

II

The appellant next contends that the state failed to prove that the crime occurred in Dickson County. Therefore, she claims that there is insufficient evidence to establish venue. We disagree.

Article I, § 9 of the Tennessee Constitution provides that in all criminal prosecutions by indictment or presentment, the accused has the right to a public trial in the county in which the alleged crime was committed. See also Tenn. R. Crim. P. 18. The state has the burden of proving that the offense was committed in the county of the indictment. Harvey v. State, 376 S.W.2d 497 (Tenn. 1964). Venue may be shown by a preponderance of the evidence, which may be either

direct, circumstantial, or a combination of both.  Hopper v. State, 326 S.W.2d 448 (Tenn. 1959).  Slight evidence with respect to venue will be sufficient to carry the state's burden of proof.  State v. Bennett, 549 S.W.2d 949 (Tenn. 1977).  Furthermore, the Rules of Criminal Procedure provide that "if one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county."  Tenn. R. Crim. P. 18(b).

A person commits an offense of forgery when he or she forges a writing with the intent to defraud or harm another.  Tenn. Code Ann. § 39-14-114(a) (1991).  The statutory definition of "forge" is to "[a]lter, make, complete, execute or authenticate any writing so that it purports to ...[b]e the act of another who did not authorize the act[.]"  Tenn. Code Ann. § 39-14-114(b)(1)(A)(I) (1991).  Therefore, the state was required to prove by a preponderance of the evidence that the appellant committed one element of the offense in Dickson County.

The record reveals that the appellant signed the name of Victoria Spann to a sales invoice and security agreement in Humphreys County.  The state contends that the appellant became nervous when Tennessee Credit began to investigate the circumstances surrounding the transaction.  In order to avoid detection, she paid off the outstanding debt.  But, she overpaid.  As a result of her overpayment, she entered Dickson County and forged a bogus name on the refund check.  This, the state argues, establishes venue in Dickson County.  The appellant argues that the time of the signing of the refund check she had no intent to defraud.  It is her position that this cannot be used as evidence of forgery concerning other documents executed on a prior date in a different county.

This issue presents an interesting question. The record establishes that the appellant placed a phone call to Leader Furniture in Dickson County with the intent to defraud. The actus rea, i.e., the forging of a writing, took place in Humphreys County. We find that the appellant was constructively present in the indictment county with the mental intent to defraud. The rationale for such a holding is articulated below.

First, it is a settled principal of law that, when one puts in force an agency for the commission of a crime, that person, in legal contemplation, accompanies the agent to the point where the crime becomes effectual.[1] An analogous case to the present situation which illustrates this point is Girdley v. State, 29 S.W.2d 255 (Tenn. 1930). In Girdley, the defendant gave a bus driver a forged check. He requested that the bus driver take the check to a bank in the next county and cash it. The bus driver, unaware of the forgery, attempted to comply and was apprehended. He led the authorities to the true offender. The offender was tried and convicted in the county in which the bank was located. On appeal from his conviction, the Supreme Court held that when the offense of forgery is committed through an agent, venue is proper where the acts were done by the agent. Id. The actual physical location of the true offender is inconsequential. Id.

In the present case, the appellant, possessing the requisite mens rea for forgery, placed a phone call into Dickson County. The clerk at Leader Furniture filled out a credit application for the appellant. In doing so, she became the appellant's agent. Because the agent was furthering the appellant's fraud, the appellant "committed" the mental element of forgery in Dickson County and became subject to its jurisdiction and venue.

---

[1]This, although antiquated but viable legal doctrine, is known as crimen trahit personam. Translated it means the crime carries the person. In practice, it means that the commission of the crime through an agent gives the courts of the place where the crime is committed jurisdiction over the principal offender.

A second, equally tenable theory in support of a finding of venue in Dickson County is the fact that the appellant set into motion a series of acts in Dickson County with the intent to defraud a retailer. This crime was ongoing and continuous until its consummation, i.e., the signing of the refund check in Dickson County. Regardless of the rationale used to reach this result, we hold that venue was proper in Dickson County. This issue is overruled.

## III

In her last issue the appellant contends that the trial court improperly sentenced her to four years incarceration. She argues that she is a viable candidate for community corrections or split confinement. We disagree.

When a sentencing issue is appealed, this Court shall conduct a de novo review with the presumption that the trial court's findings are correct. State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993). The presumption of correctness is conditioned upon an affirmative showing that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The record reveals that the state introduced several potential enhancement factors at the sentencing hearing. The appellant also introduced several mitigating factors on her own behalf. The trial judge found none of these factors applicable. He based his decision to incarcerate the appellant on the fact that she has a long history of committing similar type crimes[2] and the fact that she has shown an "unwillingness on previous occasions to abide by measures less restrictive than confinement."[3]

---

[2]The presentence report reveals that the appellant had previously been arrested and/or convicted of fraud involving credit cards, bad checks, larcenies, and theft of property crimes.

[3]The record also reveals that the appellant was out on bail when the present crime was committed.

The record reveals that the trial court properly considered the principles of sentencing. Nothing in the record suggests the trial judge improperly sentenced the appellant. She has not overcome the presumption of correctness. This issue is overruled.

Finding no error of law mandating reversal, we affirm the judgment of the trial court.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID G. HAYES, Judge



_____
JERRY L. SMITH, Judge