IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2004

## STATE OF TENNESSEE v. HAROLD DAVID HANEY, SR.

**Direct Appeal from the Circuit Court for Franklin County**
**No. 13959     Buddy D. Perry, Judge**

_____

**No. M2003-01821-CCA-R3-CD - Filed July 20, 2004**

_____

Following a bench trial, the defendant, Harold David Haney, Sr., was convicted of violation of a motor vehicle habitual offender ("MVHO") order and DUI, second offense. He was sentenced as a Range I, standard offender to two years for the MVHO violation and eleven months, twenty-nine days for the DUI conviction, to be served concurrently in the Department of Correction. In addition, he was fined a total of $1100 and his driver's license was revoked for two years. On appeal, he argues that the State failed to establish venue. After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Robert S. Peters, Winchester, Tennessee, for the appellant, Harold David Haney, Sr.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; James Michael Taylor, District Attorney General; and William B. Copeland, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant was charged in a fourteen-count indictment with violation of a MVHO order;[1] DUI; DUI, second offense; violation of the implied consent law; driving on a revoked license; driving on a revoked license, third offense; reckless endangerment with a deadly weapon; felony

_____

[1]An order declaring the defendant to be a motor vehicle habitual offender was entered in the Franklin County Circuit Court on January 26, 1995.

evading arrest; evading arrest; resisting arrest; assault with bodily injury; unlawful possession of a weapon; reckless driving; and violation of the open container law.

Officer Tony Gilliam of the Sewanee Police Department testified that while on patrol on March 31, 2001, he observed the defendant, whom he knew had a suspended driver's license, driving on CC Road in Franklin County. Upon seeing Gilliam, the defendant accelerated his vehicle. Gilliam activated his blue lights and siren and pursued the defendant to Highway 156 where the defendant turned left. Gilliam tried to pull up next to the defendant, but the defendant swerved toward him, and Gilliam "had to hit the ditch to keep from him hitting me, I fell in behind him." They traveled approximately two miles before the defendant "turned left off of the roadway going across his neighbor's yard, went behind the neighbor's residence down a creek to an old road bed. . . . Went through the creek up an embankment, through a wooded area, he turned right on to Taylor Road, blacktop road, turned right on to Taylor Road. We went approximately a hundred yards where he turned off of Taylor Road into his yard." After the defendant drove around his house three times, he finally stopped his vehicle and Gilliam ordered him to step out and told him he was under arrest. The defendant shouted profanities at Gilliam and reached inside his vehicle "as if he was trying to get something or hide something." Gilliam again told the defendant to move away from the vehicle and drew his weapon. The defendant slammed his door and started running. Gilliam pursued the defendant on foot and apprehended him in a creek, with the assistance of Officers Fults and Dyer. The officers walked the defendant back to Gilliam's patrol car where Gilliam conducted a pat-down search of the defendant which revealed a nine-millimeter pistol with a magazine containing ten rounds in the defendant's waistline. As Gilliam was trying to put the defendant inside his patrol car, the defendant kicked him twice which resulted in the officers placing him in leg shackles. A search of the defendant's vehicle revealed an open container of beer and a box of nine-millimeter shells that matched the ten found in his pistol. The defendant refused to submit to a blood alcohol test but said he had taken a Valium and drunk "a couple of beers." Gilliam said he was not able to conduct any field sobriety tests on the defendant because he was "too violent." In Gilliam's opinion, the defendant was under the influence of an intoxicant because of the manner in which he was driving, he was staggering when he exited his vehicle, and he had a "very strong odor of alcohol about his person."

On cross-examination, Officer Gilliam identified a photograph of the defendant's residence on Taylor Road where the defendant was arrested. He acknowledged that the offenses of assault, unlawful possession of a weapon, refusal to submit to a blood alcohol test, evading arrest, and resisting arrest occurred at the defendant's residence in Marion County, but said his pursuit of the defendant began in Franklin County. Gilliam said he first saw the defendant on the gravel road, which he referred to as CC Road, leading into the Franklin County State Forest. He estimated the distance the defendant traveled in Franklin County before reaching Marion County as "[m]aybe a half mile to a mile, just a rough guess."

Officer George Dyer of the Franklin County Sheriff's Department testified that when he arrived at the defendant's residence, Officer Gilliam and another officer were taking the defendant into custody. As to the location of the defendant's residence, Dyer said:

It is my understanding that I have answered calls at that residence in the past and advised my dispatch that I thought that that was Marion County. It is my understanding that his residence is in Franklin County on Taylor Road. I know that this took place back behind his residence, so it would be probably right on the line somewhere through there it switches counties. Now whether his truck was parked on the other side of the county line, I don't know, it was out in the field like near the woods.

Janice Haney, the defendant's wife, testified that their residence is located in Marion County and that the Marion County line runs along Highway 156 "until there's a church road." Asked how close their property is to the Franklin-Marion County line, Mrs. Haney said, "I guess that's about maybe two miles, if that, and then the other way it's about two miles or a mile and a half."

At the conclusion of the trial, the trial court instructed defense counsel and the State to file post-trial briefs regarding their respective positions on the venue issue. Subsequently, on March 27, 2003, the trial court found the defendant guilty of violation of the MVHO order and DUI, second offense.

## ANALYSIS

The defendant argues that the State failed to establish venue, saying "the only act that took place in Franklin County, and which was relevant to this case, was the officer's first observation of the defendant." The State asserts that Officer Gilliam's testimony established venue for the crimes of which the defendant was convicted.

Rule 18(b) of the Tennessee Rules of Criminal Procedure sets out the venue provisions for prosecution of criminal offenses. It provides, in pertinent part, "If one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county."

As provided by Article I, Section 9, of the Tennessee Constitution, a defendant in a criminal case has the right to be tried by an impartial jury of the county in which the crime was committed. Tenn. Const. art. I, § 9; see also Tenn. R. Crim. P. 18; State v. Anderson, 985 S.W.2d 9, 15 (Tenn. Crim. App. 1997). Proof of venue is necessary to establish the court's jurisdiction. See Harvey v. State, 213 Tenn. 608, 612, 376 S.W.2d 497, 498 (1964); Hopson v. State, 201 Tenn. 337, 299 S.W.2d 11, 14 (1957). Since venue is not an element of the crime, the State need only prove by a preponderance of the evidence that the charged offense was committed in the county in which the defendant is being tried. See Tenn. Code Ann. § 39-11-201(e); State v. Bennett, 549 S.W.2d 949, 949-50 (Tenn. 1977); Anderson, 985 S.W.2d at 15. Venue may be proved by circumstantial evidence, and even slight evidence is sufficient if it is uncontradicted. Bennett, 549 S.W.2d at 949-50.

The defendant relies upon People v. Bradford, 549 P.2d 1225 (Cal. 1976), in support of his position that venue for his offenses was in Marion County. Asserting that the holding in Bradford is applicable to the present situation, the defendant explains it held "that jurisdiction over an offense committed by the operation of a motor vehicle was inappropriate in a situation where the vehicle was stopped and where the offenses, including assault upon a police officer and contain [sic] firearm offenses, were committed outside the vehicle at an identifiable spot along the highway and in another county." The State responds that Bradford construed "a California in-transit venue statute and its application to offenses occurring when the vehicle was stopped," with the court holding "that venue as to such crimes falls in the county of their occurrence, not in any other county through which the vehicle passes." We agree with the State's assessment of Bradford and conclude, as we will explain, that its holding is not helpful to the defendant in the present appeal.

In this case, Officer Gilliam testified that he first observed the defendant driving on CC Road in Franklin County. Knowing that the defendant's driver's license had been suspended, Gilliam pursued him "[m]aybe a half mile to a mile" in Franklin County before reaching Marion County. The defendant was ultimately arrested at his residence in Marion County. From Officer's Gilliam uncontradicted testimony, the trial court could reasonably conclude that the defendant's offenses occurred in Franklin County. See State v. Chris Smith, No. 03C01-9807-CR-00259, 1999 WL 619042, at *2 (Tenn. Crim. App. Aug. 17, 1999) (holding that State met its burden of proving venue in McMinn County by proof that offenses occurred in Athens because "jury could properly determine that Athens is in McMinn County"); State v. Marbury, 908 S.W.2d 405, 408 (Tenn. Crim. App. 1995) (holding that police officer's testimony that DUI arrest occurred when he was running radar while on duty as Somerville police officer sufficient to establish venue in Fayette County). We conclude, therefore, that the State met its burden of proving, by a preponderance of the evidence, that the defendant committed in Franklin County the offenses of violation of a MVHO order and DUI, second offense.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE