Green, J.,
delivered the opinion of the court.
The bill, and proof in this case, disclose that during the winter of 1S47-8, Hening Brewer, became exasperated at his wife, (the complainant,) and her oldest son, and his anger was so much inflamed, that he threatened the life of his son, and that he would inflict stripes on his wife. He was addicted to intoxication; was coarse and brutal towards his wife; accused her unjustly, and offered personal violence to her. For this conduct, he was arrested and put in jail; and his wife filed a bill for divorce and alimony, and an injunction and attachment issued to prevent the transfer of his property in fraud of the rights of his wife.
*501 This bill was filed, and process issued the 17th of February, 1848, and on the next day, the defendant Connell became the bail for Brewer, and for his indemnity took a deed of trust on his land and negroes, dated the 18th of February, 1848. Af-terwards, on the same day, Connell purchased the land of Brewer, and his negroes, (two in number) for which he gave $1800 in cash notes.
Before this sale, Brewer’s misconduct to his family was well known in the neighborhood, and was a frequent subject of conversation. Connell was familiar with all the facts; was a magistrate, and frequently said, Brewer ought to be put in jail; that if he was brought before him, he should go to jail without bail. Connell also knew when he purchased the property, that the complainant’s bill for divorce and alimony, had been filed.
Two or three days before the sale to Connell, Brewer said, “he intended to sell his property, and take his two little children, and go to North Carolina, and that his wife and Sher-rod, (his son,) should not have any of his property.” Other declarations of a similar import, were frequently made by him.- In a few days after the conveyance to Connell, Brewer hung himself. Before his death, and before the sale to Con-nell, Brewer made a will, which has been proved, and from which, the complainant’s dissent has been regularly entered. This bill is brought to set asid the sale to Connell for fraud.
The act of 1784, ch. 22 sec. 8, provides that any conveyance made fraudulently to child . n, or otherwise with an intention to defeat the widow of dower, shall be held and deemed to be void.
No one can doubt, from the facts in this record, that the intention of Brewer, in selling his property, was to defeat his wife of any right she might have to any portoin of it. Con-nell was well acquainted with the state of things between Brewer, and the complainant, and could not but know his ob *502 ject. in making the sale. Having purchased with this knowledge, and in aid of this fraudulent purpose, Connell is also guilty of fraud. It matters not that he paid a fair price for the land ; if it was fraudulently conveyed, the deed is, by the statute, void.
It is unnecessary to enquire as to the sanity of Brewer, as the executor is not asking us to set aside the conveyance oí the slaves.
Affirm the decree.